BIRDSONG *v*. W. C. CRAIG & Co.

[72 South. 136.]

1. PRINCIPAL AND AGENT. *Liability of principal. Instruction. Appeal and error. Objection to evidence. Necessity.*

In a suit for damages caused by defendant's refusal to pay a draft given by their agent for cotton purchased of plaintiff by him, so that he was forced to sell the cotton at a lower price, one or both of the instructions requested by appellant and refused should have been granted. The two instructions are set out in the opinion of the court.

2. APPEAL AND ERROR. *Objection to evidence and ruling. Necessity.*

Where the record fails to show either an objection to the admission of evidence, a ruling thereon, an assignment of error based upon the exclusion of such evidence will not be considered on appeal.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Suit by Mrs. E. M. Birdsong administratrix, against W. C. Craig & Co. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*G. W. McCabe, H. C. McCabee,* and *Means Johnston,* for appellant.

*McLaurin & Arminstead,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant filed a suit against appellees alleging that appellees were cotton buyers with agencies in various points bought cotton for appellees, and that one of said agencies was located at Greenwood, Miss., and that their agent Ethridge contracted with appellant to purchase twenty-seven bales of cotton at Schlater, a small station near Greenwood, and gave the appellant a draft

for the purchase price upon appellees with bill of lading attached, and that appellant placed said draft in a bank for collection, and appellees refused to pay same, and appellant was thereafter forced to sell the cotton at a lower price, and hence brings suit for the difference.

Appellees filed a plea of general issue and gave notice that on the trial they would introduce evidence to show that the agent at Greenwood was without authority to enter into such a contract as the one sued on, but that his authority was limited and contracts made by him were subject to ratification by appellees. On the trial in the court below the court refused the following instructions requested by the appellant:

"(1) The court instructs the jury for the plaintiff that the relation of principal and agent may arise by implication of law as where one knowingly permits another to assume powers or authority, or deals with another in such a manner, as would cause a reasonably prudent man, familiar with such relations, to believe the relation existed; and that if you believe from the evidence that Craig & Co. knowingly allowed Ethridge to act, or so held Ethridge out to the public that a reasonable man would believe that Ethridge was Craig & Co's agent, and that E. M. Birdsong was in this manner deceived or led to believe that such was the case, then in this case you may find that Ethridge was Craig & Co.'s agent.

"(2) The court instructs the jury for the plaintiff that, if they believe from the evidence that Craig & Co. so conducted their business with Eli Ethridge, or knowingly allowed Eli Ethridge to so conduct his business, as would lead a reasonably prudent man to believe that Eli Ethridge was the agent of Craig & Co., and that E. M. Birdsong was, by said actions of Craig & Co. or Ethridge, deceived into the belief that Ethridge was the agent of Craig & Co., and dealt with him as such agent, then the court further instructs you that

as to this deal Ethridge was the agent of Craig & Co., and Craig & Co., are bound by his acts, provided same are within the apparent scope of his authority."

The exclusion of certain testimony offered by appellant touching the agency of Ethridge with whom appellant contracted is also assigned as error.

There was a jury and verdict for the appellees, and appellant prosecutes this appeal.

One or both of the instructions requested by appellant and refused should have been granted. We express no opinion upon the assignments of error relating to the exclusion of evidence for the reason that we have been unable to find in the record either an objection to this evidence or a ruling of the court thereon.

*Reversed and remanded.*